PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2005 Pontiac GT struck a hole on U.S. Route 33, designated as West Second Street, in Weston, Lewis County. U.S. Route 33 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below. The incident giving rise to this claim occurred at approximately 1:30 p.m. on April 16, 2008. The claimant testified that she was driving on Main *33 Street in the right lane to make a turn onto U.S. Route 33. As she drove onto U.S. Route 33 at approximately ten miles per hour, her vehicle struck a hole in the road. Claimant stated that it looked as though respondent was performing road construction in this area. However, she did not notice any road work signs at the time that this incident occurred. Claimant submitted a photograph that demonstrates that there was a hazard sign at this location, but the sign was located behind the hole. As a result of this incident, claimant’s vehicle sustained damage to its passenger side tires, rims, and its front bumper in the amount of $1,555.05. Claimant did not have insurance coverage for her loss.
The position of the respondent is that it did not have actual or constructive notice of the condition on U.S. Route 33. Victor Koon, Highway Administrator for respondent in Lewis County, testified that he is familiar with the area where this incident occurred. He stated that pursuant to respondent’s Core Maintenance Plan, respondent was required to grind out the holes in this area and patch them with hot mix. It took respondent two days to perform the work at this location. Although Mr. Koon did not review the road work, he stated that anytime respondent’s crews are involved in grinding activities, respondent places “Road Work” signs before the location of the hole. He testified that one sign was placed near the Corner Café, and another sign was placed between the parking lot and the entrance to the bank.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck on U.S. Route 33 because it had placed the road hazard sign. However, since claimant’s photograph demonstrates that the road hazard sign was behind the location of the hole, the Court finds that it is reasonable that the claimant did not see the sign before her vehicles struck the hole. The sign should have preceded the location of the road work in order to adequately warn the traveling public of this hazard. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does malee an award to the claimant in the amount of $1,555.05.
Award of $1,555.05.